## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS *Sandra Handon* | DEFENDANTS *District of Columbia Government and Robert Hamilton* |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) *The Law Offices of David A. Branch 1825 Connecticut Avenue, N.W. Suite 609 Washington, D.C. 20009 (202) 785-2805* | ATTORNEYS (IF KNOWN) *Eric S. Glover Office of the Attorney General 441 Fourth Street, N.W. Washington D.C. 20001 (202) 442-9754* |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. *Antitrust***

☐ 410 Antitrust

**☐ B. *Personal Injury/ Malpractice***

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. *Administrative Agency Review***

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil***

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding  ☒ Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Due Process Clause of the Fifth Amendment

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $** ___  Check YES only if demanded in complaint  **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form.

DATE 4/8/08  SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SANDRA HANDON,**<br>**13103 PRINCEVILLE COURT**<br>**SILVER SPRING , MD 20904**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA**<br>**GOVERNMENT,**<br>**441 FOURTH STREET, NW**<br>**WASHINGTON, DC, 20001**<br><br>**and**<br><br>**ROBERT HAMILTON**<br>**Individually and as the DOE Program**<br>**D.C. Department of the Environment**<br>**51 N. Street, N.W., 6th Floor**<br><br>**Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant District of Columbia, by and through its counsel,  respectfully removes to this Honorable Court the above action from the Superior Court of the District of Columbia (Civil Division, Case No. 2008 CA 001001, filed on February 8 2008).  The Grounds for removal are as follows:

      1.    Plaintiff Sandra Handon, has filed an Action against the defendants in Superior Court for the District of Columbia, alleging among other things that the

defendants violated her rights under the United States Constitution Fifth Amendment Due Process Clause.  See Complaint, Counts IV.

      2.      This action is removable to this Court because of the existence of a federal question raised by plaintiff's Complaint. Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties.  See 28 U.S.C. § 1441(b).  In Count IV of her complaint, the plaintiff raises a federal question by alleging a federal constitutional violation.

      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received or sent by undersigned counsel in this matter are attached hereto as Exhibit 1.

DATED:  April 8, 2008

                        Respectfully submitted,

                        PETER J. NICKLES
                        Interim Attorney General, for the,
                        District of Columbia

                          /s/ Patricia A. Jones
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation, Section IV

                        ERIC S. GLOVER [978841]
                        Assistant Attorney General
                        441 4th Streets, N.W.
                        Sixth Floor South
                        Washington, D.C. 20001
                        (202) 442-9754; (202) 727-6295
                        Eric.Glover@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing NOTIFICATION OF FILING OF

NOTICE OF REMOVAL was mailed, postage prepaid, this 8th day of April, 2008 to:

David A. Branch, Esq. [438764]
THE LAW OFFICES OF DAVID A. BRANCH, PC
1825 Connecticut Avenue, NW, Suite 690
Washington, DC 20009

Eric S. Glover
Assistance General Counsel

3

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SANDRA HANDON                                    )
13103 PRINCEVILLE COURT              )
SILVER SPRING, MD 20904                )
              PLAINTIFF           )
     v.                                             )
                                  )
DISTRICT OF COLUMBIA GOVERNMENT  )
441 Fourth Street, NW                        )
Washington, DC  20001                     )
                                  )
         And                                   )
                                  )
ROBERT HAMILTON                          )
(Individually and as the  DOE Program Manager) )
D.C. Department of the Environment   )
51 N Street, NW 6th Floor                 )
Washington, DC 20001                     )
                                  )
         DEFENDANTS                 )
_____)

**JURY TRIAL DEMAND**

0001001-08

FILED
CIVIL ACTIONS BRANCH
FEB 0 8 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT

Comes now the Plaintiff Sandra Handon, by and through her attorneys, and files

this Complaint against the Defendants, District of Columbia Government and Robert

Hamilton, and for her Complaint states as follows.

### JURISDICTION and VENUE

1.    This Court has jurisdiction over the subject matter of this complaint pursuant to

D.C. Code Ann. Section 11-921.

2.    Venue is proper in this Court in that the events giving rise to Handon's claims

occurred here in the District of Columbia and Defendants may be found here.

### PARTIES

1



3.    Ms. Sandra Handon is an African-American female born on November 21, 1948, a citizen of the United States, and a resident of the State of Maryland.  Ms. Handon was employed at the District of Columbia Department of the Environment.

4.    The District of Columbia Department of the Environment is a department of the Defendant District of Columbia government.  Defendant Robert Hamilton is an employee of the D.C. Department of the Environment.

**FACTUAL ALLEGATIONS**

5.    Plaintiff Handon began her career with the District of Columbia Government in 1987.  Ms. Handon holds Bachelors Degrees in Zoology and Chemistry and a Masters Degree in Environmental Engineering.  From 1987 until 1996, Ms. Handon was employed as a Supervisor, Industrial Hygiene, Department of Employment Services. From 1996 until 2006, Ms. Handon was a program analyst for the Tools for Schools Coordinator, Small Business Ombudsman, and Lead Based Paint Coordinator in Air Quality Division.  In these positions, she received outstanding evaluations and numerous awards.

6.    On April 4, 2006, Ms. Handon was hired as the Program Manager, Lead Based Paint Management Program ("LBPMP"), Toxic Substance Division, Environmental Health Administration ("DDOE").  This position was part of the Management Supervisory Service (MSS).  Ms. Handon was hired by Marie Sansone, Acting Director

2

for the DDOE. Ms. Handon was hired to replace the acting Program Manager for LBPMP, Robert Hamilton, a Caucasian male. Hamilton was also the program manager for the Pesticide Program. At least one employee reported that during Hamilton's employment in the department and its predecessor, Hamilton used the term "nigger" to refer to African Americans.

7.      From April 4, 2006 to July 3, 2006, Ms. Handon's supervisor of record was Elizabeth Berry. At that time, Hamilton was listed as a Program Manager on the same level as Ms. Handon.

8.      On July 3, 2006, Ms. Berry sent a memorandum to Robert Hamilton, Program Manager, and copied other program managers advising that Hamilton was being detailed to serve over four divisions/programs (Radiation, Hazardous Waste, Lead Based Paint, and Voluntary Cleanup). This was a non-competitive selection/detail.

9.      When Ms. Handon began working in the Program Manager position, she learned of a number of problems with the manner that the program was being run.  She conducted an initial assessment of the lead cases, and she noticed that at least a quarter of the lead cases were missing or could not be located. Moreover, approximately 129 lead cases were not processed and mailed out until more than a year and a half after the office received the results, which  resulted in the families not knowing their child was lead poisoned. Ms. Handon observed that numerical data reported to the EPA was false.  In addition, at least two risk assessments for poisoned children were claimed to be due to lead based paint when in fact it was the lead in water found in their home which was the source of the poisoning. Further, the EPA gave the program additional money for one additional inspector. The additional staff person funding was redirected by Robert

3

Hamilton to fund a full time attorney position. Ms. Handon complained about these violations to agency officials.

10.    After she became the Program Manager, Ms. Handon was subjected to a hostile work environment by Hamilton, who illegally interfered with her in the performance of her job and improperly evaluated her performance. Ms. Handon was excluded from Senior Managers meetings held by Neil Stanley, Acting Chief of Staff and previously from DCRA, which impeded her ability to manage program matters. She was excluded from some Lead Based Paint meetings where information was requested from the Lead Based Paint staff. Hamilton and Corey Buffo, Acting Director of DDOE, would attend meetings as the representatives for lead paint issues. Hamilton consistently interfered with Ms. Handon's program, despite many complaints from Ms. Handon and her staff that his actions were inappropriate. Hamilton held meetings with Ms. Handon's staff without her knowledge and issued assignments to her staff members. Even though Hamilton was in the same Program Manager position as Ms. Handon, he indicated in emails that he was in contact with Ms. Handon's staff and he was relaying information to upper management on behalf of her program. Hamilton conducted a closed door meeting with two of Ms. Handon's staff members without her knowledge about programmatic lead issues. Hamilton would respond to email queries using information that Ms. Handon supplied and deliberately remove her answers to him which illustrated that she had already handled the issue.

11.    On November 6, 2006, Ms. Handon was informed by Hamilton that he would be conducting her performance evaluation. Ms. Handon protested because she had replaced Hamilton in his position and believed there was a conflict, Hamilton was not her official

4

supervisor or record, and Ms. Handon and Hamilton had not been in their positions for a

sufficient period of time for Hamilton to evaluate her performance.   Over her

protestations, he conducted her performance evaluation.   Ms. Handon inquired whether

he had considered her personal evaluation of the MSS 15 competencies and

accomplishments since accepting the Program Manager position.   When he indicated he

would consider those factors, Ms. Handon provided her competencies.   The following

day, Hamilton provided Ms. Handon with an evaluation with an overall rating of 2.

Robert Hamilton performed an annual performance evaluation of Ms. Handon's

performance as her supervisor even though he had served in this acting capacity only

from July 3, 2006 through September 30, 2006.   Ms. Handon was shocked at the rating

since, in 22 years as a DC government employee and as a supervisory engineer in DOH

and DOES, she had always received ratings of outstanding or excellent.   Ms. Handon

returned the evaluation to Hamilton and advised him that it was unacceptable.   According

to DPM section 1403, a performance rating period shall be from the beginning of each

fiscal year to the end of the fiscal year.   Further, no performance evaluation was obtained

from Ms. Handon's previous supervisor in AQD in violation of DPM Section 1405.5,

which provides that the performance evaluation shall be issued by the employee's

supervisor from which they were reassigned.

12.     Hamilton's evaluation of Ms. Handon violated several DPM regulations.   Ms.

Handon was not eligible to receive a rating during the first month of the rating period in

accordance with DPM Section 1405 because she was employed by another division in the

organization.   DPM Section 1405.2 states, "In order to be eligible to receive an annual

5

performance evaluation a Performance Plan shall be in place at least (90) days prior to conducting an annual performance evaluation based on that Performance Plan." DPM Section 1405.8 provides, "An employee re-instated, restored, newly appointed shall automatically be considered as having been assigned a rating of Meets Expectations, which shall remain the official rating of record until replaced by another official rating." No supervisor completed a Performance Plan outlining what is expected for each covered employee within 90 days or the following fiscal year per DPM Section 1406. Ms. Handon's evaluation failed to take into account her work performance for the six months in her previous position per DPM Section 1412.7, which states that "when an employee is rated on performance, consideration shall be given for work outside the position of record." At no time was there a discussion about Ms. Handon's work or placing her on a performance improvement plan, which would have been in accordance with DPM Section 1414. As a result of the invalid performance evaluation, Ms. Handon was adversely penalized monetarily and prevented from receiving her MSS increase in January 2007. This illegal and improper evaluation likely contributed to her removal.

13.     Ms. Handon continued to perform her job with measurable accomplishments.

14.     Ms. Handon was involuntarily terminated from her position on June 26, 2007. She was notified of the termination by Hamilton and the human resources director. DPM Section 38-3818 requires that a termination action be initiated by the Agency and Director of Personnel. Ms. Handon's termination letter was signed only by the new Director, who advised Ms. Handon that her position was slated to be abolished before he came on board and that is why he signed the letter. At the time of her termination, Ms. Handon was informed that it occurred as a result of a reorganization within the new

6

Department of the Environment. Ms. Handon was advised that the Department did not have any positions available for reassignment, despite the fact that the department was woefully understaffed, and she was informed that she lacked the "skills set" for the new department. Hamilton previously told Ms. Handon that she was not to inform staff of the possible changes and that she should look at two options, including: 1) requesting a detail back to her original position or 2) becoming a senior risk assessor in her section. Ms. Handon was not offered a detail as a MSS employee to maintain her civil service status as was offered to Hamilton, and she was forced to accept retirement.

15.     In the year leading up to Ms. Handon's termination, thirteen MSS employees were terminated, including eleven people of color and seven minority females. Ms. Handon was the last African-American female program manager at the agency before her termination. A new hired program manager, who was a Caucasian female, had her position changed from program manager to Associate Director shortly before Ms. Handon was terminated. The position held by the Caucasian female was previously held by a person of color who carried the same title of program manager, which was consistent with the titles of individuals who performed the same duties. This change was conducted within three months of the Caucasian employee being hired and in an effort to save the new hiree from being discharged as a program manager.

16.     Ms. Handon has exhausted all administrative remedies prior to filing suit.

## COUNT I

### Violation of District of Columbia Human Rights Act
### Discrimination
### (Handon v. DC and Hamilton)

Handon adopts by reference each of the allegations in the paragraphs above.

17.     At all pertinent times, Defendant District of Columbia Government was an employer subject to provisions of the D.C. Human Rights Act, 2-1401 et seq., of the District of Columbia Code.  Defendant Hamilton is an agent of DOE and is personally liable for his actions.

18.     At all pertinent times, Plaintiff Handon was an employee entitled to protection under the D.C. Human Rights Act.

19.     The D.C. Human Rights Act prohibits discrimination in employment based on an individual's race, age, and gender.

20.     Defendants, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful discrimination against Handon based on her race, age, and gender. Specifically, Defendants subjected her to undue scrutiny in her job performance and interfered with the performance of her duties, issued her an improper and illegal performance appraisal in violation of DPM regulations, subjected her to disparate treatment in not reclassifying her position as it did for a Caucasian employee to avoid her discharge, terminated her employment, denied her an opportunity to retreat to an open position, and denied her an MSS increase.

21.     Defendants at all relevant times had actual and constructive knowledge of the conduct described above.

22.     Defendants had no legitimate business reason for any such acts.

23.     Handon is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices which are not yet fully known.  At such time as such discriminatory practices become known, Handon will seek leave of court to amend this complaint in that regard.

8

WHEREFORE, Plaintiff Handon prays:

A.     That the Court enter judgment against the Defendants;

B.     That the Court award to Handon damages in the amount to be determined at trial, including damages in amount equal to all of her accumulated lost wages and benefits, including backpay, frontpay, and benefits; compensatory damages for the financial and emotional harm caused by Defendants, including prejudgment and post-judgment interest and punitive damages against the individual defendant; compensation for failure to receive an MSS increase in January 2007; and rescission of improper and illegal evaluation.

C.     That the Court award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.     That the Court award Handon such other relief as to which she may be deemed entitled.

<u>**COUNT II**</u>

<u>**Violation of District of Columbia Human Rights Act**</u>
**Retaliation**
**(Handon v. DC and Hamilton)**

Handon adopts by reference each of the allegations in the paragraphs above.

24.     At all pertinent times, Defendant District of Columbia Government was an employer subject to provisions of the D.C. Human Rights Act, 2-1401 et seq., of the District of Columbia Code.  Defendant Hamilton is an agent of DOE and is personally liable for his actions.

25.     At all pertinent times, Plaintiff Handon was an employee entitled to protection under the D.C. Human Rights Act.

9

26.    The D.C. Human Rights Act prohibits discrimination in employment and retaliation for participating in protected activity or opposing discriminatory practices.

27.    Defendants, in violation of the D.C. Human Rights Act, knowingly and intentionally retaliated against Ms. Handon for engaging in protected activity or opposing discriminatory practices.  Specifically, Defendants subjected her to undue scrutiny in her job performance and interfered with the performance of her duties, issued her an improper and illegal performance appraisal in violation of DPM regulations, subjected her to disparate treatment in not reclassifying her position as it did for a Caucasian employee to avoid her discharge, terminated her employment, denied her an opportunity to retreat to an open position, and denied her an MSS increase after she protested the discriminatory treatment by Hamilton.

28.    Defendants had, at all relevant times, actual and constructive knowledge of the conduct described above.

29.    Defendants had no legitimate business reason for any such acts.

30.    Handon is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices which are not yet fully known.  At such time as such discriminatory practices become known, Handon will seek leave of court to amend this complaint in that regard.

WHEREFORE, Plaintiff Handon prays:

A.    That the Court enter judgment against the Defendants;

B.    That the Court award to Handon damages in the amount to be determined at trial, including damages in amount equal to all of her accumulated lost wages and benefits, including backpay, frontpay, and benefits; compensatory damages for the financial and

10

emotional harm caused by Defendants, including prejudgment and post-judgment interest and punitive damages against the individual defendant; compensation for failure to receive an MSS increase in January 2007; and rescission of improper and illegal evaluation.

C.      That the Court award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.      That the Court award Handon such other relief as to which she may be deemed entitled.

### COUNT III

### Breach of Express or Implied Contract

### (Handon v. DC)

Plaintiff Handon realleges and incorporates the allegations of all paragraphs above as if fully set forth herein.

31.     At all pertinent times, Defendant District of Columbia was an employer in the District of Columbia. At all times, Defendant Hamilton acted as an agent of Defendant DC.

32.     At all pertinent times, Handon was an employee entitled to protection under public policy and labor statutes of the District of Columbia and Defendant's Personnel Manual.

33.     Defendant breached an implied contract when it issued Ms. Handon an improper and illegal performance appraisal in violation of DPM regulations, subjected her to disparate treatment in not reclassifying her position as it did for a Caucasian employee to

11

avoid her discharge, terminated her employment, denied her an opportunity to retreat to an open position, and denied her an MSS increase.

34.    As a direct and proximate result of the foregoing treatment, Handon has suffered and continues to suffer financial hardship, anguish, pain, embarrassment, humiliation, and indignity.

WHEREFORE, Plaintiff Handon prays:

A.    That the Court enter judgment against the Defendant;

B.    That the Court award to Handon damages in the amount to be determined at trial, including damages in amount equal to all of her accumulated lost wages and benefits, including backpay, frontpay, and benefits; compensatory damages for the financial and emotional harm caused by Defendant, including prejudgment and post-judgment interest and punitive damages against the individual defendant; compensation for failure to receive an MSS increase in January 2007; and rescission of improper and illegal evaluation.

C.    That the Court award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.    That the Court award Handon such other relief as to which she may be deemed entitled.

## Count IV

### Violation of Due Process Clause of the Fifth Amendment

Plaintiff Handon realleges and incorporates the allegations of all paragraphs above as if fully set forth herein.

12

35.    At the time of her termination, Handon was a management supervisory service employee with a constitutionally protected property and liberty interest in her employment.  Even though there was not lawful cause to dismiss Handon, her job termination was summary and without procedural and substantive process due her.   The manner in which Ms. Handon was terminated defamed and stigmatized her, damaged her reputation, and prevented her from taking advantage of future employment opportunities. Further, Handon was denied an opportunity to grieve her termination.

Wherefore, Handon requests the Court's judgment and requests that the Court:

WHEREFORE, Plaintiff Handon prays:

A.    That the Court enter judgment against the Defendant;

B.    That the Court award to Handon damages in the amount to be determined at trial, including damages in amount equal to all of her accumulated lost wages and benefits, including backpay, frontpay and benefits; compensatory damages for the financial and emotional harm caused by Defendant, including prejudgment and post-judgment interest and punitive damages against the individual defendant; compensation for failure to receive an MSS increase in January 2007; and rescission of the improper and illegal evaluation.

C.    That the Court award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.     That the Court award Handon such other relief as to which she may be deemed entitled.

13

Respectfully submitted,

David A. Branch #437864
1825 Connecticut Avenue, NW
Suite 690
Washington, D.C. 20009
(202) 785-2805

14

08-599
EGS

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Sandra Handon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

District of Columbia Government and Robert Hamilton

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

The Law Offices of David A. Branch
1825 Connecticut Avenue, N.W. Suite 609
Washington, D.C. 20009  (202)785-2805

Case: 1:08-cv-00599
Assigned To : Sullivan, Emmet G.
Assign. Date : 4/8/2008
Description: Employ Discrim.

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

□ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| □ A. Antitrust | □ B. Personal Injury/ Malpractice | □ C. Administrative Agency Review | □ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| □ 410 Antitrust | □ 310 Airplane<br>□ 315 Airplane Product Liability<br>□ 320 Assault, Libel & Slander<br>□ 330 Federal Employers Liability<br>□ 340 Marine<br>□ 345 Marine Product Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product Liability<br>□ 360 Other Personal Injury<br>□ 362 Medical Malpractice<br>□ 365 Product Liability<br>□ 368 Asbestos Product Liability | □ 151 Medicare Act<br><br>Social Security:<br>□ 861 HIA ((1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g)<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)<br><br>Other Statutes<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| □ E. General Civil (Other) OR □ F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**<br>□ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent, Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property<br><br>**Personal Property**<br>□ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal Property Damage<br>□ 385 Property Damage Product Liability | **Bankruptcy**<br>□ 422 Appeal 28 USC 158<br>□ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>□ 535 Death Penalty<br>□ 540 Mandamus & Other<br>□ 550 Civil Rights<br>□ 555 Prison Condition<br><br>**Property Rights**<br>□ 820 Copyrights<br>□ 830 Patent<br>□ 840 Trademark<br><br>**Federal Tax Suits**<br>□ 870 Taxes (US plaintiff or defendant<br>□ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>□ 610 Agriculture<br>□ 620 Other Food &Drug<br>□ 625 Drug Related Seizure of Property 21 USC 881<br>□ 630 Liquor Laws<br>□ 640 RR & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational Safety/Health<br>□ 690 Other<br><br>**Other Statutes**<br>□ 400 State Reapportionment<br>□ 430 Banks & Banking<br>□ 450 Commerce/ICC Rates/etc.<br>□ 460 Deportation | □ 470 Racketeer Influenced & Corrupt Organizations<br>□ 480 Consumer Credit<br>□ 490 Cable/Satellite TV<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/ Exchange<br>□ 875 Customer Challenge 12 USC 3410<br>□ 900 Appeal of fee determination under equal access to Justice<br>□ 950 Constitutionality of State Statutes<br>□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ G. *Habeas Corpus/* 2255 | ☒ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General <br> □ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | □ 895 Freedom of Information Act <br> □ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
| □ 710 Fair Labor Standards Act <br> □ 720 Labor/Mgmt. Relations <br> □ 730 Labor/Mgmt. Reporting & Disclosure Act <br> □ 740 Labor Railway Act <br> □ 790 Other Labor Litigation <br> □ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act) <br> □ 443 Housing/Accommodations <br> □ 444 Welfare <br> □ 440 Other Civil Rights <br> □ 445 American w/Disabilities-Employment <br> □ 446 Americans w/Disabilities-Other | □ 110 Insurance <br> □ 120 Marine <br> □ 130 Miller Act <br> □ 140 Negotiable Instrument <br> □ 150 Recovery of Overpayment & Enforcement of Judgment <br> □ 153 Recovery of Overpayment of Veteran's Benefits <br> □ 160 Stockholder's Suits <br> □ 190 Other Contracts <br> □ 195 Contract Product Liability <br> □ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding ☒ 2 Removed from State Court □ 3 Remanded from Appellate Court □ 4 Reinstated or Reopened □ 5 Transferred from another district (specify) □ Multi district Litigation □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Due Process Clause of the Fifth Amendment § 40 USC 200)

**VII. REQUESTED IN COMPLAINT** □ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** ____ Check YES only if demanded in complaint **JURY DEMAND** ☒ YES □ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) □ YES ☒ NO    If yes, please complete related case form.

**DATE** 4/8/08    **SIGNATURE OF ATTORNEY OF RECORD** _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**FILED**

APR - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sandra Handon
Plaintiff

v.                                              Civil Action No. 08 - 599

District of Columbia Government
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge SULLIVAN, J. EGS . All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc:

929A
Rev. 7/02