**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
)
**SANDRA HANDON,** )
**13103 PRINCEVILLE COURT** )
**SILVER SPRING, MD 20904** )
)
**Plaintiff,** )
)
**v.** )
)
**DISTRICT OF COLUMBIA** )
**GOVERNMENT,** )    **Case No.  08-cv-00599**
**441 FOURTH STREET, NW** )
**WASHINGTON, DC, 20001** )
)
**and** )
)
**ROBERT HAMILTON** )
**Individually and as the DOE Program** )
**D.C. Department of the Environment** )
**51 N. Street, N.W., 6th Floor** )
)
**Defendants.** )
_____ )

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

Defendant, District of Columbia, (hereinafter "District"), by and through counsel,

respond to the Complaint, as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint, the

District  responds in like-numbered paragraphs as follows:

## JURISDICTION and VENUE

1-2.    The allegations in paragraphs 1 and 2 are legal conclusions of the plaintiff to which no

response is required.

## PARTIES

3.    The District admits that the plaintiff was previously employed at the District of Columbia

Department of the Environment.  The District is without sufficient information to either admit or

deny the remaining allegation set forth in paragraph 3 of the Complaint.

4.    The District admits that the Department of the Environment is an agency of the District

of Columbia.  Further answering, the District admits that Defendant Robert Hamilton is an

employee of the D.C. Department of the Environment.

## FACTUAL ALLEGATIONS

5.    The District admits that the plaintiff began her career with the District of

Columbia in 1987.  From April 1999 to March 2000 and April 2002 to March 2003, the plaintiff

held the position of "Environmental Program Analyst."  Further, answering, the District admits

that on October 26, 2005, the plaintiff held the position of "Lead Abatement Coordinator;" and

on April 2, 2006, she became a Program Manager. The District is without sufficient information

at this time to either admit or deny the remaining allegations in paragraph 5.

6.    The District admits that in 2006, the plaintiff was hired as Program Manager, Lead Based

Paint Management Program (LBPMP), Toxic Substance Division, and Environmental Health

Administration which was part of the Management Supervisory Service.  The District further

admits that prior to the plaintiff receiving the position, Defendant Hamilton, was acting program

manager for LBPMP.  The District is without sufficient information to either admit or deny the

remaining allegations of paragraph 6.  To the extent a response is required, the District denies the allegations of paragraph 6.

7.      The District lacks sufficient information to either admit or deny the first sentence of paragraph 7.  The District admits that from April 4, 2006 to July 3, 2006 both the plaintiff and Defendant Hamilton were Program Managers.

8.      The District admits that in 2006, Defendant Hamilton received a memorandum indicating that he was being detailed to serve over four divisions/programs in addition to Pesticides.  The remaining allegations are the conclusions o the pleader to which the District is without sufficient information to either admit or deny.

9.      The allegations in paragraph 9 contain conclusory statements of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

10.     The allegations in paragraph 10 contain conclusory statements of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

11.     The District admits that the plaintiff was informed that Defendant Hamilton was to complete her evaluation and that the plaintiff received an overall evaluation rating of 2.  The District is without sufficient information to either admit or deny the remaining allegations of paragraph 11 as they contain conclusory statements of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

12.     The allegations in paragraph 12 contain conclusory statements of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

13.     The allegations in paragraph 13 contain conclusory statements of the pleader to which no response is required.  To which a response is required, the District denies the allegations.

14.    The District admits that on or about June 26, 2007, the plaintif was notified of her termination by the D.C. DOE Human Resource staff.  Further, answering, the District admits that the Direct sgiend the termination letter and that the plaintiff was  informed that her termination resulted from a reorganization.  The District is without sufficient information to either admit or deny the remaining allegations of paragraph 14.

15.    The District is without sufficient information to either admit or deny the allegations of paragraph 15.  To the extent a response is required, the District denies the allegations in paragraph

16.    The District is without sufficient information to either admit or deny the allegations in paragraph 16 as they are the legal conclusions of the pleader to which no response is required.

COUNT I
Violation of District of Columbia Human Resources Act
Discrimination
(Handon v. DC And Hamilton)

The District adopts by reference each and every answer in paragraphs 1 through 16, as if fully set forth herein.

17.    The allegations set forth in paragraph 17 of the Complaint are the legal conclusions of the pleader to which no response is required.

18.    The allegations set forth in paragraph 18 of the Complaint are the legal conclusions of the pleader to which no response is required.

19.     The allegations set forth in paragraph 19 of the Complaint are the legal conclusions of the pleader to which no response is required.

20.    The District denies the allegations in paragraph 20.

21.    The District denies the allegations in paragraph 21.

22.     The District denies the allegations in paragraph 22.

23.     The District denies the allegations in paragraph 23.

COUNT II
Violation of District Of Columbia Human Rights Act
Retaliation
(Handon v. DC And Hamilton)

The District adopts by reference each and every answer in paragraphs 1 through 23, as if
fully set forth herein.

24.     The allegations set forth in paragraph 24 of the Complaint are the legal conclusions of the
pleader to which no response is required.

25.     The allegations set forth in paragraph 25 of the Complaint are the legal conclusions of the
pleader to which no response is required.

26.     The allegations set forth in paragraph 26 of the Complaint are the legal conclusions of the
pleader to which no response is required.

27.     The District denies the allegations in paragraph 27.

28.     The District denies the allegations in paragraph 28.

29.     The District denies the allegations in paragraph 29.

30.     The District denies the allegations in paragraph 30.

COUNT III
Breach of Express of Implied Contract
(Handon v. DC)

The District adopts by reference each and every answer in paragraphs 1 through 30, as if
fully set forth herein.

31.     The allegations set forth in paragraph 31 of the Complaint are the legal conclusions of the
pleader to which no response is required.

32.     The allegations set forth in paragraph 32 of the Complaint are the legal conclusions of the

pleader to which no response is required.

33.    The District denies the allegations in paragraph 33.

34    This District denies the allegations in paragraph 34.

COUNT IV
Violation of Due Process of the Fifth Amendment

The District adopts by reference each and every answer in paragraphs 1 through 34, as if fully set forth herein.

35.    The District denies the allegations in paragraph 35.

**THIRD DEFENSE**

The plaintiff's claims do not rise to the level of a Constitutional violation for which she is entitled to relief.

**FOURTH DEFENSE**

The plaintiff did not have a Constitutionally protected interest in her position.

**FIFTH DEFENSE**

D.C. Code § 12-309 may bar the plaintiff's claims under the D.C. Human Rights Act.

**SIXTH DEFENSE**

Plaintiff may not have fully exhausted her administrative remedies.

**SEVENTH DEFENSE**

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

**EIGHTH DEFENSE**

Further answering, the District denies any allegations of wrongdoing, intentional or otherwise, and did not violate plaintiff's constitutional rights.

### NINTH DEFENSE

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The District expressly reserves its right to assert or amend such defenses as the facts become known.

### Set-Off

The District asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

### REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award it the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/ Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

(202) 442-9754; (202) 727-6295
Eric.Glover@dc.gov


## CERTIFICATE OF SERVICE


I hereby certify that on this 29th day of April,2008, a copy of the foregoing Answer to Plaintiff's Complaint was served via the Court's Electronic Filing System to:

David A. Branch, 438764
THE LAW OFFICES OF DAVID A. BRANCH, PC
1825 Connecticut Avenue, NW
Suite 690
Washington, DC 20009


/s/ Eric S. Glover
ERIC S. GLOVER [978841]
Assistance General Counsel
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295