IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA HANDON ) <br> ) <br> PLAINTIFF ) <br> v. ) <br> ) <br> District of Columbia Government, et al. ) <br> ) <br> ) <br> DEFENDANTS ) <br> _____ ) | Civil Action No. <br> 08cv0599 <br><br> Judge Sullivan |

**Plaintiff's Motion for Remand and Notice Of Voluntary Dismissal of Fifth Amendment Claim**

Comes now the Plaintiff Sandra Handon, by and through counsel, and files this motion for remand and voluntary dismissal of the Fifth Amendment claim, and in support thereof states as follows.

Plaintiff filed a four count complaint in the D.C. Superior Court alleging violations of District of Columbia law arising from her termination, and a single claim under the Fifth Amendment of the U.S. Constitution alleging Plaintiff was denied her due process rights in her termination.  Defendants have removed the case to federal court solely on the basis of a federal question -- the Fifth Amendment claim.  Plaintiff is permitted to file a motion for remand within thirty days of the notice of removal, and this motion is timely.

It is within the court's discretion to remand the entire case back to the D.C. Superior Court.  This case involves state claims and a single federal claim.  28 U.S.C. Sec. 1441 (c) provides that when a separate and independent claim or cause of action

within the jurisdiction of the court under Section 1331 is joined with otherwise non-removable claims or causes of action, the district court may determine all issues "or, in its discretion, may remand all matters in which State law predominates."  Ms. Handon's chief complaints are violations of District of Columbia statutes (D.C. Human Rights Act).  Thus, State law predominates.  If the court determines that State law predominates, it may remand the entire case to the local court.

To remove any question on the proper court to adjudicate this complaint, Plaintiff hereby notifies the court of the voluntary withdrawal of the Fifth Amendment claim.  Thus, there is no longer a basis for the court to exercise jurisdiction over the remaining claims or this matter.  The federal court is already overburdened with federal employment claims, and should not exercise jurisdiction over a local District of Columbia claim.  Defendants' attempt to remove the case is a classic case of "forum shopping" to deprive the Plaintiff of her choice of court, which should not be tolerated by the court.  Plaintiff requests that the case be remanded to the D.C. Superior Court.  Plaintiff sought Defendants consent to the relief requested and Defendants indicated they would oppose the motion.

Respectfully submitted,

/s/

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C.  20009
(202) 785-2805

2

## Certificate of Service

I hereby certify this 8th day of May 2008 that the foregoing copy of Plaintiff's Motion for Remand and Notice of Voluntary Dismissal of Fifth Amendment Claim and was served by electronic mail to counsel listed below:

Eric Glover
Assistant Attorney General
District of Columbia Government
441 4th Street, NW
Washington, DC 20001

                                                      /s/
                                          David A. Branch

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA HANDON            )<br>                                              )<br>            **PLAINTIFF**         )<br>    v.                                     )<br>                                              )<br>District of Columbia Government, et al.   )<br>                                              )<br>                                              )<br>           **DEFENDANTS**    )<br>_____)  | **Civil Action No.**<br>**08cv0599**<br><br>**Judge Sullivan** |

### **O R D E R**

    Upon Consideration of Plaintiff's Motion for Remand and Notice of Voluntary Dismissal of Fifth Amendment Claim, it is

    ORDERED that the motion be and hereby is granted.  This matter is remanded to the D.C. Superior Court.

 

_____

U.S. District Court Judge